# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

                    Plaintiff,        Case No. 18-20126-3

v.                                    Judith E. Levy
                                      United States District Judge
Javier Alejandro Avila-Monge,
                                      Mag. Judge David R. Grand
                    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION [94]

Defendant Javier Alejandro Avila-Monge filed a letter that appears to be a motion for sentence reduction. (ECF No. 94.)[1] In his letter, he asks whether Amendment 821 applies retroactively to reduce his sentence. (*Id.*) He also raises the possibility that Amendments that became effective on November 1, 2024, may also apply retroactively to reduce his sentence. (*Id.*)

---

[1] The letter is addressed to Judge Battani. (ECF No. 94.) The Court informs Mr. Avila-Monge that his case was reassigned to the Undersigned on July 10, 2024, and that Judge Battani sadly passed away in 2021.

Regarding Amendment 821 to the United States Sentencing Guidelines, the Court previously issued an order denying Defendant's motion for sentence reduction under Amendment 821. (ECF No. 93.) The Court's order stated,

> Amendment 821, Part B created a new Chapter Four guideline at USSG §4C1.1 (Adjustment for Certain Zero-Point Offenders) which provides a two-level reduction for certain zero-point offenders. The defendant must meet all ten criteria listed in USSG §4C1.1(a)(1)-(10) to qualify for the adjustment. Defendant meets all the criteria and would be eligible for a two-point reduction to his total offense level, but his guideline range remains at 120 months because of the mandatory minimum sentence of 120 months for Count 2. Because his guideline range did not change, Defendant is not eligible for a reduction under Amendment 821, Part B.

(*Id.*) Defendant's letter does not set forth a basis for the Court to reconsider its previous order regarding Amendment 821. Thus, to the extent his letter is a motion for a reduction of sentence under Amendment 821, his motion is denied because Amendment 821 does not change his sentencing guidelines range.

Defendant's letter also raises the possibility that Amendments that went into effect on November 1, 2024, may apply to his sentence. The Amendments that went into effect on November 1, 2024 are Amendments 826, 827, 828, 829, 830, and 831. As set forth in U.S.S.G. § 1B1.10(d),

none of these Amendments apply retroactively. Thus, these Amendments cannot result in a reduction of sentence for Defendant, who was sentenced before November 1, 2024. To the extent his letter is a motion for a reduction of sentence under the November 1, 2024 Amendments, his motion is denied.

For the reasons set forth above, Defendant's motion for sentence reduction is DENIED. (ECF No. 94.)

IT IS SO ORDERED.

Dated: May 11, 2026       s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 11, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

3